UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CAL DIVE INTERNATIONAL, INC.                CIVIL ACTION
ET AL

VERSUS                                       NO: 08-4279

SEABRIGHT INSURANCE COMPANY                  SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court are two motions for Summary Judgment.

Plaintiffs  Cal-Dive International, Inc. and State National

Insurance Company filed a Motion for Judgment on the Pleadings

and/or Summary Judgment (Rec. Doc. 8). Defendant, Seabright

Insurance Company, responded with a Cross Motion for Summary

Judgment (Rec. Doc. 16). Having considered the motions and legal

memoranda, the record, and the law, the Court finds that

Plaintiffs' Motion for Judgment on the Pleadings and/or Summary

Judgment (Rec. Doc. 8) and Defendant's Cross Motion for Summary

Judgment (Rec. Doc. 16) are **DENIED.**

**BACKGROUND**

This case arises out of a lawsuit filed by David Brown entitled *David Brown v. Coastal Catering LLC, Horizon Offshore Contractors, Inc.,* Civil Action No. 07-4059, Section "J", Magistrate 4, United States District Court for the Eastern District of Louisiana. (Rec. D. 8 Pl. Statement of Uncontested Material Facts ¶ 3.) Mr. Brown filed suit against Horizon Offshore Contractors and Coastal Catering LLC for failure to provide him with a reasonably safe workplace. (Pl. Statement ¶ 4)Horizon Offshore Contractors (hereafter "Horizon"), pursuant to contract, demanded that Coastal Catering LLC (hereafter "Coastal") provide defense and indemnity. (Pl. Statement ¶ 5-8) Coastal complied and the case settled. (Rec. D. 16 Def. Mem. in Supp. of Cross Mot. for Summ. J. 2.) Defense and indemnity for Horizon was provided by State National Insurance Company (hereafter "SNIC"). (Rec. D. 16 Def. Statement of Uncontested Material Facts in Supp. of Cross Mot. for Summ. J. ¶ 3.) SNIC was the marine general liability insurer for Coastal at the time of the suit by Mr. Brown. (Def. Statement ¶ 2.)

Mr. Brown lists both Coastal and Horizon as an employer on the face of the complaint but makes no overt reference to an alternate employer. (Def. Statement ¶1)

This action is brought by Cal-Dive International Inc

(hereafter "Horizon") and SNIC to recover the costs of the defense against Seabright Insurance Company (hereafter "Seabright") who provided a maritime employer's liability insurance policy to Coastal. Seabright defended Coastal and not Horizon during the litigation with Mr. Brown.( Def. Mem. 2)

The policy provided by Seabright to Coastal contains an endorsement. (Rec. D. 8 Pl. Mem. in Supp. of Mot. for Summ. J. 3.) It states that in cases involving alternate employers they will accept sole responsibility for the coverage. (Pl. Mem. 3) Later in the policy, it indicates that it will not cover incidents where there is a protection and indemnity policy in place for the otherwise insured party (in this case Horizon). (Def. Statement ¶ 8)

This case was filed on August 28, 2008. On April 29, 2009, the Court issued an order continuing all scheduled dates pending resolution of these motions. (Rec. Doc. 28)

**LEGAL STANDARDS**

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

**A. The Parties' Arguments**

**1. Motion for Summary Judgment and Judgment on the Pleadings**

The Plaintiffs argue that the undisputed facts of the case are sufficient to resolve the case in their favor. They argue that the endorsement in the policy, which takes on sole responsibility for alternate employers defense, overrides other provisions in the policy. They argue that the it can be logically inferred that Mr. Brown intended to name Horizon as an alternate employer as a matter of law. Furthermore, they demand the cost of the defense from Horizon.

Defendants contends that the face of the four corners of the complaint by Mr. Brown failed to make any allegation which would implicate the policy they supplied to Coastal since there is no reference to an alternate employer. They further argue that even if they were implicated in the complaint the policy precludes

coverage based on the facts of this case. They argue (a) that the policy precluded coverage based on the P&I exceptions and (b) Mr. Brown was not, in actual fact, an alternate employee of Horizon.

## 2. Cross Motion for Summary Judgment

Defendants argue that based on the uncontested facts of the case, they are entitled to Summary judgement. Defendants assert that their policy agreement precluded coverage where a Protection and Indemnity (P&I) policy exists as well. Furthermore, Defendant argues that they had no duty to defend against Mr. Brown, since Mr. Brown made no reference to Horizon as an *alternate* employer for whom their policy was designed to protect. Defendants also dispute that Mr. Brown was even an employee, alternate or otherwise, of Horizon. Finally, defendants argue that Horizon made no payments for their defense; are therefore not aggrieved parties; and are thus not properly before the court.

Plaintiffs response denies these allegations based on factual disputes and reiterates much of what is contained in the original Motion for Summary Judgment.

## B. Analysis

The key issue here is whether or not the endorsement contained within the Horizon coverage is applicable. The answer

to this question depends on the resolution of several factual issues which preclude Summary Judgment at this juncture. These questions include:

1. Did David Brown intend to name Horizon as an alternate employer defendant in the initial complaint? What can be inferred from the face of the complaint?

2. Was there a "*possibility* of coverage"[1] which obligated Seabright to defend the claim against Horizon (i.e. did Seabright have reason to believe Mr. Brown was alternately employed by Horizon)?

3. Was Horizon an alternate employer of Mr. Brown?

There are additional questions of law which depend on these determinations such as whether or not the endorsement in Seabright's policy obligated the company despite the section outlining the P&I exception? As a result, neither motion for Summary Judgment can be granted.

## CONCLUSION

Summary Judgment is only appropriate where there are no issues of material fact. Fed. R. Civ. P. 56(c). In the current case, there are contested facts which are material to outcome of

---

[1]See generally, *Resolution Trust Corp. v. Ayo,* 31 F.3d 285, 293 (5th Cir. La. 1994)(Defining the duty to defend).

the case. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Judgment on the Pleadings** and **Motion for Summary Judgment** (Rec. Doc. 8) and Defendant's **Cross Motion for Summary Judgment** (Rec. Doc. 16) are **DENIED.**

New Orleans, Louisiana this the 22nd day of June, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE