UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAL DIVE INTERNATIONAL, INC.                    CIVIL ACTION
ET AL

VERSUS                                          NO: 08-4279

SEABRIGHT INSURANCE COMPANY                     SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court are Plaintiffs' Motion for Judgment on the Pleadings and Motion for Summary Judgment (Rec. Doc. 8) and Defendant's Cross Motion for Summary Judgment (Rec. Doc. 16). Having considered the motions and legal memoranda, the record, and the law, the Court finds that Plaintiffs' Motion for Judgment on the Pleadings and/or Summary Judgment (Rec. Doc. 8) is **GRANTED** and Defendant's Cross Motion for Summary Judgment (Rec. Doc. 16) is **DENIED.**

**BACKGROUND**

This case arises out of a lawsuit filed by David Brown,

1

*David Brown v. Coastal Catering LLC, Horizon Offshore Contractors, Inc.,* Civil Action No. 07-4059, Section "J", Magistrate 4, United States District Court for the Eastern District of Louisiana. (Rec. D. 8 Pl. Statement of Uncontested Material Facts ¶ 3.) Mr. Brown filed suit against Horizon Offshore Contractors and Coastal Catering LLC for failure to provide him with a reasonably safe workplace. (Pl. Statement ¶ 4) Horizon Offshore Contractors (hereafter "Horizon")[1], pursuant to contract, demanded that Coastal Catering LLC (hereafter "Coastal") provide defense and insurance. (Pl. Statement ¶ 5-8) Coastal complied and the case settled. (Rec. D. 16 Def. Mem. in Supp. of Cross Mot. for Summ. J. 2.) Defense and insurance for Horizon was provided by State National Insurance Company (hereafter "SNIC"). (Rec. D. 16 Def. Statement of Uncontested Material Facts in Supp. of Cross Mot. for Summ. J. ¶ 3.) SNIC was the marine general liability insurer for Coastal at the time of the suit by Mr. Brown. (Def. Statement ¶ 2.)

Mr. Brown lists both Coastal and Horizon as an employer on the face of the complaint but makes no overt reference to an alternate employer. (Def. Statement ¶1).

This action is brought by Horizon and SNIC to recover the

---

[1] Horizon is also known as Cal-Dive International Inc.

costs of the defense against Seabright Insurance Company (hereafter "Seabright") who provided a maritime employer's liability insurance policy to Coastal. Seabright defended Coastal and not Horizon during the litigation with Mr. Brown.( Def. Mem. 2)Plaintiffs contend that Seabright was required to defend both Coastal and Horizon in the litigation.

The policy provided by Seabright to Coastal contains an endorsement. (Rec. D. 8 Pl. Mem. in Supp. of Mot. for Summ. J. 3.) It states that in cases involving alternate employers Seabright will accept sole responsibility for the coverage. (Pl. Mem. 3) Later in the policy, it indicates that it will not cover incidents where there is a protection and indemnity policy in place for the otherwise insured party (in this case Horizon). (Def. Statement ¶ 8)

This case was filed on August 28, 2008. The Court denied the parties' cross Motions for Summary Judgment on June 23, 2009. (Rec. D. 29). However, after discussion with counsel, the Court vacated its previous order and requested additional briefing from the parties on September 16, 2009. (Rec. D. 39).

## LEGAL STANDARDS

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**DISCUSSION**

The arguments of the two parties remain substantially the same. Plaintiffs allege that State National is entitled to a repayment of the attorney's fees and costs in their defense of Horizon for claims against them by David Brown. Plaintiffs argue that the endorsement in the policy, which takes on sole responsibility for the defense of alternate employers, overrides other provisions in the policy. Thus, Defendant had a duty to defend Horizon.

Plaintiffs also argue that it can be logically inferred that Mr. Brown intended to name Horizon as an alternate employer as a matter of law. Although, Mr. Brown did not use the word "alternate" to modify his relationship with Horizon, Plaintiff argues that Mr. Brown's plain meaning to include Horizon as an alternate employer is clear.

4

Finally, Plaintiffs contend that any allegations by Seabright that SNIC be responsible for the defense of Costal is merely an attempt to convolute the issues of this case.

Defendant contends that the face of the four corners of the complaint by Mr. Brown failed to make any allegation which would implicate the policy they supplied to Coastal since there is no reference to an alternate employer. Defendant further argues that even if it was implicated in the complaint, the policy unambiguously precludes coverage based on the facts of this case. They argue (a) that the policy precluded coverage based on the P&I exceptions and (b) Mr. Brown was not, in actual fact, an alternate employee of Horizon. Defendant further argued that since Plaintiff argues that Mr. Brown was an employee of Horizon, Plaintiff should have been responsible for the defense of Coastal as a non-employer party in the Brown suit.

*Applicability of State law*

The Court applies Louisiana law in interpreting this contract. State National Insurance Company, argues that federal law controls in maritime disputes. However, in the "absence of clearly controlling federal precedent" the law of the "state with

the most significant relationship to the substantive issue" applies. <u>Wilbur Boat Co. v. Fireman's Fund Ins. Co.</u>, 348 U.S. 310, 314 (1955). Courts often look to where the policy was issued to determine which state law applies. <u>Albany Ins. Co v. Anh Thi Kieu</u>, 927 F. 2d 882, 891 (5th Cir. 1991). Since the insurance policy at issue was drafted and executed by a Louisiana-based insurance company in Louisiana, Louisiana law applies <u>See</u> <u>Adams v. Unione Mediterranea Di Sicurta</u>, 220 F.3d 659, 678 (5th Cir. 2000).

*Construing Insurance Contracts*

Under Louisiana law, an insurance policy is a contract between the parties and thus, as is true with all other contracts, it is the law between the parties. <u>Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.</u>, 352 F.3d 254, 262 (5th Cir. La. 2003); <u>La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.</u>, 630 So. 2d 759, 763 (La. 1994). In interpreting insurance contracts, a court must determine the common intent of the parties. <u>Id.</u> "The parties' intent as reflected by the words in the policy determine the extent of coverage." <u>Id.</u> (internal citation omitted). "Such intent is to be determined in

accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning."  Id. (citing LA. CIV. CODE art. 2047).

An insurance policy is not to be interpreted in an unreasonable or strained manner "so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion."  Id.  In the absence of a statutory or public policy conflict, insurers are allowed to limit their liability and to impose and enforce whatever reasonable conditions they place upon their policy obligations.  Id.

An insurance policy must be construed as a whole so that one provision is not "construed separately at the expense of disregarding other policy provisions."  Id. (citing LA. CIV. CODE art. 2050).  If the policy's language "is clear and unambiguously expresses the parties' intent, the [policy] must be enforced as written."  Id. at 764 (citing LA. CIV. CODE art. 2046).  However, where the language is ambiguous, the ambiguous policy provision is to be construed against the insurance company, as drafter and issuer of the policy, and in favor of coverage to the insured. Id.  An ambiguity exists if the insurance policy is subject to two or more equally reasonable interpretations.  Id. at 770.

7

Furthermore, exclusionary provisions in insurance policies are strictly construed against the insurer, and ambiguities are to be construed in favor of the insured. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La. 1991). When such an ambiguity exists in an exclusionary provision, the interpretation that favors coverage must be applied. Id. The insurance company has the burden of showing that an exclusion unambiguously applies. See Arnette v. NPC Servs., Inc., 808 So. 2d 798, 802 (La. App. 1st Cir. 2002). Whether a policy contains an ambiguous provision is a question of law. Interstate Fire & Cas., 630 So. 2d at 764.

In order to apply this principle of strict construction, the insurance contract must contain an ambiguity. Six Flags Inc. v. Westchester Surplus Lines Ins. Co., 565 F.3d 948, 958 (5th Cir. La. 2009).

The Seabright insurance contract contains two clauses which read together create sufficient confusion as to qualify as an ambiguity. The first clause is an endorsement entitled "Alternate Employer Endorsement" in which Seabright accepts liability for "death, bodily injury, or illness to . . . employees while in the course of temporary employment by an alternate employer." The endorsement goes on to say: "We will not ask any other insurer of

8

the alternate employer to share with us a loss covered by this endorsement." The second clause comes under the Exclusions section. It says:

> This insurance does not cover:
>
> [...]
>
> 11. Bodily injury to your master or crew covered by a Protection and Indemnity policy or similar policy issued to you or for your benefit. This exclusion applies even if the other policy does not apply because of another insurance clause, deductible or limitation of liability clause, or any similar clause or self-insured retention. This insurance does not apply as an excess to any other Protection and Indemnity policy or any other policy issued for your benefit.

In looking at the first relevant section, the Alternate Employer Endorsement, it appears unambiguous on its face that Seabright would provide insurance for all alternate employers. Where an employee is injured in the course of temporary employment by an alternate employer pursuant to a contract (here, the MSCA) or the project denoted and covered in the policy,

Seabright agreed to treat the alternate employer as if it were insured. Further, the endorsement explicitly sets forth that no other insurer of the alternate employer will be asked to share in any loss covered by the endorsement.

However, when read in light of the Protection and Indemnity (P&I) Exclusion, the clarity of the Alternate Employer Endorsement wanes. The two provisions render the policy reasonably susceptible to two meanings: (1) The Alternate Employer Endorsement's explicit language stating that "[Seabright] will not ask any other insurer of the alternate employer to share with [Seabright] a loss covered by this endorsement" controls over the P&I Exclusion, or (2) The P&I Exclusion makes the Alternate Employer Endorsement ineffective where a Protection and Indemnity Policy exists.

As noted above, ambiguities are construed in favor of the insured. Also, well-settled Louisiana jurisprudence recognizes that "in the event of any conflict between an endorsement and the main body of an insurance policy, the endorsement prevails." Howell v. American Cas. Co., 691 So.2d 715, 724 (La. App. 4 Cir. 1997). See e.g, Maggio v. Manchester Ins. Co., 292 So.2d 255, 257 (La. App. 4 Cir.1974) ("In the event of any conflict between the policy and the endorsement, the endorsement prevails"); Jefferson

Downs, Inc. v. American General Ins. Co., 214 So.2d 244, 247 (La. App. 4 Cir.1968), writ recalled, appeal dismissed, 236 So.2d 27 (1969)("It is well settled that an endorsement to the insurance policy takes precedence over the printed provisions contained in the body of the policy"); St. Paul Fire & Marine Ins. Co. v. Roubion, 252 So.2d 679, 681 (La. App. 1 Cir.1971); Smith v. Western Preferred Cas. Co., 424 So.2d 375, 376 (La. App. 2 Cir.1982), writ denied, 427 So.2d 1212 (La.1983); Alleman v. Bunge Corp., 779 F.2d 218, 220 (5th Cir.1985).

Accordingly, to the extent that Brown was engaged in temporary employment by an alternate employer, Seabright was obligated to provide Horizon a defense against his claims.

*Defining the Alternate Employer*

Mr. Brown's employment status at Coastal and Horizon defines which insurance company is required to defend suits by Mr. Brown. However, in the present case, Mr. Brown's actual employment status need not be determined. Instead, the Court considers whether the four-corners of Mr. Brown's complaint alleged facts which would trigger defense by Seabright's insurance policy or not.

Both parties acknowledge that Brown's employment status was

not litigated in his suit against Coastal and Horizon. Joint Pre-Trial Order, Uncontested Material Facts, pg.10. Further, it is uncontested that Brown alleged that Coastal and Horizon were both his employers. Id. at 9.

The issue of borrowed servant status is a legal issue for the court to decide, Hall v. Equitable Shipyard, Inc., 670 So.2d 543, 545 (La. App. 4 Cir.1996), and Louisiana jurisprudence has enunciated nine considerations to utilize in making this determination:

> (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation? (2) Whose work is being performed? (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer? (4) Did the employee acquiesce in the new work situation? (5) Did the original employer terminate his relationship with the employee? (6) Who furnished tools and place for performance? (7) Was the new employment over a considerable length of time? (8) Who had the right to discharge the employee? (9) Who had the obligation to pay the employee?

Id. at 545-46.

The Plaintiffs contend, and the Court agrees, that whether Brown was actually found to be a borrowed servant, or Horizon to be an alternate employer, is not dispositive here. The dispositive question is whether, based on Brown's allegations in his complaint, Seabright owed a duty to defend.

Ultimately, Mr. Brown's complaint contained sufficient allegations to trigger defense by Seabright.

The Plaintiffs point to Louisiana Supreme Court decisions that lay out an insurer's duty to defend: "The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense *unless the petition unambiguously excludes coverage*." Steptore v. Masco Construction Co., 643 So.2d 1213, 1218; Meloy v. Conoco, Inc., 504 So.2d 833, 838 (La. 1987) (emphasis added). Importantly, the Louisiana Supreme Court has also stated that "the allegations of the petition are *liberally interpreted* in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its

13

insured." <u>American Home Assur. Co. v. Czarniecki</u>, 230 So.2d 253, 259 (La. 1970).

Applying these principles to the present case, it is evident that Brown's complaint triggered Seabright's duty to defend. It cannot be said that Brown's allegation that Coastal and Horizon were his employers unambiguously excluded coverage. This is especially true in light of the fact that Seabright knew that Brown was directly employed by Coastal which is evident by their defense of Coastal in the litigation. This knowledge, coupled with the allegation that Brown was also employed by Horizon, not only fails to unambiguously exclude coverage, but it implies that Horizon was an alternate employer that would be treated as an insured of Seabright under the Alternate Employer Endorsement.

Seabright argues that Brown's allegations were insufficient to trigger its duty to defend. Specifically, it argues that the allegations, without well-pled facts regarding borrowed servant status and the existence of a contract that required borrowed servant coverage, did not trigger its duty to defend. Trial Brief of Seabright, pg. 4. Contrary to Seabright's assertions, and, as discussed

above, there is a duty to defend unless coverage is unambiguously excluded. This requirement undoubtedly has a substantial tilt toward a duty to defend.

Seabright also argues that it was relieved from any duty to defend based on its P&I Exclusion. However, as explained above, because of the ambiguity and conflict created between the Alternate Employer Endorsement and the P&I Exclusion, the Alternate Employer Endorsement trumps the exclusion.

As the Plaintiffs suggest, the proper course for Seabright would have been to defend Horizon under a reservation of rights subject, at least, to a determination of Brown's employment status.

*Seabright's Counterclaim*

The Court rejects any claims made in Seabright's counter-claim. It is clear from the face of Mr. Brown's complaint that he intended to name both Horizon and Coastal as employers in some fashion. (David Brown's Complaint ¶ 2.) As such, Seabright had an unquestionable obligation to

defend its insured, Coastal.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings and/or Summary Judgment (Rec. Doc. 8) is **GRANTED** and Defendant's Cross Motion for Summary Judgment (Rec. Doc. 16) is **DENIED.**

New Orleans, Louisiana this the 28th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE